UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI E. TERRELL,<br>  *Plaintiff*,<br> v.<br>MR. COOPER GROUP, INC., *et al.*,<br>  *Defendants*. | Civil Action No. 20-0496 (CKK) |

**Memorandum Opinion**
(August 12, 2020)

  Plaintiff Lori E. Terrell ("Plaintiff"), proceeding *pro se*, has filed a civil action against "Mr. Cooper Group, Inc." ("Defendant").[1] Defendant has moved to dismiss this action on multiple grounds (the "Motion to Dismiss"). Plaintiff, in turn, has moved to remand the case to the Superior Court of the District of Columbia (the "Motion to Remand"). Both motions are ripe and now pending before the Court. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[2] the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss.

      **I. Background**

  Plaintiff filed her initial complaint in this action on December 30, 2019, in the Superior Court for the District of Columbia. *See* Not. of Removal, Ex. A. On January 21, 2020, Plaintiff

---

[1] There is ambiguity regarding the identity of the named defendant in this case. *See* Def.'s Mot. at 1, n.1. Such ambiguity relates to the Court's assessment of the Amended Complaint under Fed. R. Civ. P. 8(a). *See* disc. *infra*, at Section II.B.

[2] This Memorandum Opinion focuses on the following briefing submitted by the parties:
- Not. of Removal, ECF No. 1;
- Pl.'s Am. Compl. for Fraud, Restraint of Trade, Injunctive, Equitable and Other Relief, ECF No. 1-1, Ex. A ("Am. Compl.");
- Def.'s Mot. to Dismiss, ECF No. 5 ("Def.'s Mot.");
- Pl.'s Mot. to Remand, ECF No. 9 ("Mot. to Remand");
- Def.'s Opp'n to Pl.'s Mot. to Remand, ECF No. 10; and
- Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 11.

moved to amend her complaint and filed the Amended Complaint therewith. *See id.* Defendant was not properly served, but became aware of the Amended Complaint on January 21, 2020, when Plaintiff filed her motion to amend. *See id.* ¶¶ 3–4. Defendant subsequently removed the Amended Complaint to this Court on February 20, 2020.

The Amended Complaint is not a model of clarity. But from what the Court can discern this action is born of a dispute over a residential property located at 607 Ava Circle, N.E., Washington, D.C. 20017-2036 (the "Property"). Am. Compl. ¶ 8. Plaintiff appears to lament certain adverse actions suffered in connection to the Property, such as an alleged forcible removal around the 2012–2013 time period, *see id.* ¶¶ 6, 27, and the refusal to sell the Property for a purchase price of $437,000, *id.* ¶ 21. These allegations ostensibly relate to a line of prior proceedings, including a foreclosure action involving the Property. *See* Def.'s Mot. at 2 (citing *Nationstar Mortgage LLC v. Terrell*, 2016 CA 002420 R(RP)); *see also id.*, Ex. C.

In the Amended Complaint, Plaintiff asserts nine separate claims, including a statutory claim under the Fair Debt Collection Practices Act ("FDCPA"). *See* Am. Compl. ¶¶ 293–318. For relief, Plaintiff seeks an order restraining Defendant from "all conduct asserting any interest in [the] Property." *Id.* ¶ 323. Plaintiff also seeks at least $1 billion dollars in damages. *Id.* ¶¶ 332–37.

## II. Legal Standard & Discussion

Pending before the Court are two separate motions: (1) Plaintiff's Motion to Remand and (2) Defendant's Motion to Dismiss. The Court will address each in turn.

### A. Motion to Remand

On March 17, 2020, Plaintiff moved to remand this action to the Superior Court of the District of Columbia. *See generally* Mot. to Remand. The Court understands Plaintiff's motion

to challenge (1) Defendant's compliance with the procedures set forth in the federal removal statute and (2) the underlying basis of this Court's subject-matter jurisdiction. *See id.* at 7–9. Because Plaintiff's motion raises a threshold question of jurisdiction, the Court must address it before considering the merits of Plaintiff's case. *See Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 826 (D.C. Cir. 2007).

### 1. Procedural Compliance

As an initial matter, the Court finds that Defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. In accordance with § 1446(a), Defendant properly removed this action from the D.C. Superior Court to the district within which the action was pending, *i.e.*, the United States District Court for the District of Columbia. *See id.* Moreover, Defendant filed "all process, pleadings, and orders served upon" it, along with its initial notice of removal. *See id.*; *see also* Not. Removal, Ex. A. Additionally, pursuant to § 1446(d), Defendant filed a copy of the notice of removal with the clerk of the D.C. Superior Court and served the removal papers upon Plaintiff via first class mail. *See* Not. Removal, Ex. B.

The Court also finds that Defendant's removal was timely. Section 1446(b)(1) requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the pleadings at issue. *See Odutola v. Branch Banking & Tr. Co.*, 321 F. Supp. 3d 67, 72 (D.D.C. 2018). Defendant asserts that it has not been properly served and that it first became aware of this action on January 21, 2020. *See* Not. of Removal ¶ 3. Plaintiff's Motion to Remand is vague on this point, but it appears to corroborate that Defendant, in fact, did learn of this action on January 21, 2020. *See* Mot. to Remand at 11. Consequently, without proof of service in the record to suggest otherwise, the Court concludes that Defendant first "otherwise received" the pleadings on January 21, 2020. *See*

*Odutola*, 321 F. Supp. 3d at 72. Accordingly, Defendant's removal on February 20, 2020, was timely under the 30-day period set forth in § 1446(b)(1). *See generally* Not. of Removal. In light of the foregoing, the Court concludes that Defendant properly complied with the procedural requirements under the federal removal statute.

### 2. Subject-Matter Jurisdiction

Plaintiff's Motion to Remand also appears to challenge the basis of this Court's subject-matter jurisdiction. The Court finds, however, that subject-matter jurisdiction is proper in this action. *See* 28 U.S.C. § 1441. First, the Amended Complaint asserts a claim under the FDCPA, *see* Am. Compl. ¶¶ 316–18, and it is clear that claims arising under the FDCPA, a federal statute, "are matters over which this Court has subject matter jurisdiction." *Hardy v. N. Leasing Sys., Inc.*, 953 F. Supp. 2d 150, 156 (D.D.C. 2013); *see also* 28 U.S.C. § 1331.

Furthermore, the Court also possesses diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). Indeed, there is complete diversity between the parties, as Plaintiff is a resident of the District of Columbia and Defendant is a resident of Texas and Delaware. *See* Am. Compl. ¶¶ 103, 136; Not. of Removal ¶¶ 16–17. And, considering Plaintiff's request for over $1 billion in damages, the amount-in-controversy requirement is satisfied here. *See Bronner on Behalf of Am. Studies Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020). As such, the Court concludes that subject-matter jurisdiction is proper.

### B. Motion to Dismiss

Having concluded that removal in this case was proper, the Court turns to Defendant's Motion to Dismiss the Amended Complaint. Defendant's motion presents several grounds for dismissal, including arguments that Plaintiff's claims are time-barred and precluded by prior proceedings. *See* Def.'s Mot. at 7–9. The Court need not address these positions at this time,

however, because it agrees with Defendant that the Amended Complaint fails to satisfy the threshold notice-pleading requirements of Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) requires that a complaint "contain . . . a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further dictates that each allegation within a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). These mandates within Rule 8 ensure that defendants receive fair notice of the claims raised against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013). "[I]f a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004). And while courts must remain mindful of a party's *pro se* status, *pro se* litigants are still subject to the Rule 8 requirements. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987); *Jiggetts*, 319 F.R.D. at 413.

Here, the Amended Complaint does not satisfy the strictures of Rule 8. First, the Amended Complaint is 90 pages in length and comprises 339 individual paragraphs. The prolixity of this pleading alone belies the conclusion that Plaintiff has offered a "short and plain" statement of her claims for relief. *See* Fed. R. Civ. P. 8(a)(2). More fundamentally, the allegations and claims themselves are difficult to comprehend. For example, in "Claim One" of the Amended Complaint, Plaintiff asserts a cause of action entitled: "Concealment and Abscondment and/or, and Including, but not limited to, Through Forcible Violent Abuse of Process, Obstruction, Spoliation,

5

however, because it agrees with Defendant that the Amended Complaint fails to satisfy the threshold notice-pleading requirements of Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) requires that a complaint "contain . . . a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further dictates that each allegation within a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). These mandates within Rule 8 ensure that defendants receive fair notice of the claims raised against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013). "[I]f a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004). And while courts must remain mindful of a party's *pro se* status, *pro se* litigants are still subject to the Rule 8 requirements. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987); *Jiggetts*, 319 F.R.D. at 413.

Here, the Amended Complaint does not satisfy the strictures of Rule 8. First, the Amended Complaint is 90 pages in length and comprises 339 individual paragraphs. The prolixity of this pleading alone belies the conclusion that Plaintiff has offered a "short and plain" statement of her claims for relief. *See* Fed. R. Civ. P. 8(a)(2). More fundamentally, the allegations and claims themselves are difficult to comprehend. For example, in "Claim One" of the Amended Complaint, Plaintiff asserts a cause of action entitled: "Concealment and Abscondment and/or, and Including, but not limited to, Through Forcible Violent Abuse of Process, Obstruction, Spoliation,

Impermissible Deprivations of Rights Requisite to Ascertainment of Concealment and Abscondment." And to support this claim, Plaintiff alleges, in part:

> "Defendant, and seemingly others, as Plaintiff diligently, including through strenuously previous and simultaneous Court request for Injunctive Relief, Entitledly, seeks to determine, individually and/or jointly, severally, officially, individually, collusively, conspiratorially, personally organizationally, corporately, and/or through (former employees, agents, assigns, contractors, instrumentalities and/or third parties, by unlawful, tortious and/or otherwise unlawful actions and/or omissions, including, but not limited to, extraordinarily sophisticated and/or oppressive means, including by and effecting furtherance, force, violence, concealment, abscondment, or other furtiveness, willfully and tortuously to withhold, including through variously process and otherwise (governmentally) abusive means, inclusion coercion, critical and generate and distribute knowingly fraudulent and false information fraudulently and impermissibly and improperly in such manner, Defendant-abusively, commensurate with fraud-facilitation or non-customary, bad faith and 'breach of duty' fraud exposure, as this Plaintiff experiences and as Herein provided . . . "

Am. Compl. ¶ 294.

Such diffusive and ambiguous allegations permeate the Amended Complaint, making it difficult to determine what specific injury Plaintiff asserts and what role Defendant played in its occurrence. Absent a plain and comprehensible exposition of this essential information, the Amended Complaint fails to provide Defendant with the notice required under Rule 8. Relatedly, the opaque allegations in the Amended Complaint make it difficult for the Court to consider Defendant's res judicata and statute of limitations arguments. This infirmity alone merits dismissal. *See Jiggetts*, 319 F.R.D. at 420 (dismissing *pro se* complaint for failure to comply with Rule 8).

### III.  Conclusion

For the reasons above, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss. The Court dismisses the Amended Complaint **WITHOUT PREJUDICE** and grants Plaintiff leave to amend her pleading, to the extent possible, in accordance with the requirements of Rule 8, as explained in this Memorandum Opinion. Plaintiff

shall file any amended pleading with this Court on or before **SEPTEMBER 11, 2020**. If Plaintiff does not file any amended pleading with the Court on or before **SEPTEMBER 11, 2020**, the Court will dismiss this action with prejudice. In response to Plaintiff's amended pleading, if any, Defendant may re-file its current Motion to Dismiss or request leave of the Court to file a new motion addressing any novel issues that arise. An appropriate Order accompanies this Memorandum Opinion.

 

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge