# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LORI E. TERRELL,
    *Plaintiff*,
  v.

MR. COOPER GROUP, INC., *et al.*,
    *Defendants*.

Civil Action No. 20-0496 (CKK)

**MEMORANDUM OPINION**
(July 2, 2021)

    Plaintiff Lori E. Terrell ("Plaintiff"), proceeding *pro se*, has filed this civil action against "Mr. Cooper Group, Inc." ("Defendant"). Plaintiff filed her initial complaint on December 30, 2019, in the Superior Court for the District of Columbia. *See* Compl., ECF No. 1-1, at 1. On January 21, 2020, Plaintiff moved to amend her pleading and filed her Amended Complaint therewith. *See* Am. Compl., ECF No. 1–1, at 99. Defendant was not properly served with Plaintiff's pleadings, but became aware of the Amended Complaint on January 21, 2020, when Plaintiff filed her motion to amend. *See* Not. of Removal, ECF No. 1, at ¶¶ 3–4. Defendant subsequently removed the Amended Complaint to this Court on February 20, 2020. *See id.* at ¶¶ 1–8.

    Following removal to this Court, Defendant moved to dismiss Plaintiff's Amended Complaint. *See* Def.'s Mot. to Dismiss, ECF No. 5, at 1. Plaintiff opposed Defendant's dispositive motion and also filed a motion to remand her case back to Superior Court. *See* Mot. to Remand, ECF No. 9, at 1. On August 12, 2020, this Court issued an Order denying Plaintiff's remand motion and granting Defendant's motion to dismiss Plaintiff's Amended Complaint. *See* Order, ECF No. 14, at 1. The Court dismissed the Amended Complaint, which included 90 pages of impenetrable allegations, because it did not provide a sufficiently clear statement of Plaintiff's

1

claims under Federal Rule of Civil Procedure 8. *See* Mem. Op., ECF No. 15, at 4–6. Nonetheless, the Court dismissed Plaintiff's Amended Complaint *without prejudice* and directed Plaintiff to amend her pleading by September 11, 2020, or risk the dismissal of her case. *See* Order, ECF No. 14, at 1.

Since then, the parties have filed a variety of new motions on the docket, which are now pending before the Court and ripe for review. Specifically, Plaintiff has filed a [16] Motion to Vacate this Court's August 12, 2020 Order, a related [18] Motion for "Court Docket/Record Correction," and a miscellaneous [19] Motion for Order. Plaintiff has also filed two copies of her Second Amended Complaint on the docket. *See* Second Am. Compl., ECF No. 18-2 & 19-1. Plaintiff also requests relief in two opposition filings, submitted on [25] October 16, 2020 and [30] November 12, 2020, respectively. In turn, Defendant has filed a motion to dismiss Plaintiff's amended pleading, requesting the outright dismissal of the Second Amended Complaint. *See* Def.'s Mot., ECF No. 23, at 1. Finally, Defendant filed a motion for clarification, which also remains pending. *See* Def.'s Mot. to Clarify, ECF No. 21, at 1.

Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[1] the Court will **DENY** each of Plaintiff's pending motions, and will **GRANT** Defendant's

---

[1] This Memorandum Opinion focuses on the following documents:
- Pl.'s Mot. to Vacate, ECF No. 16;
- Def.'s Opp'n to Pl.'s Mot. to Vacate, ECF No. 17;
- Pl.'s Mot. to Correct, ECF No. 18;
- Second Am. Compl., ECF No. 18-2 & 19-1;
- Pl.'s Mot. for Order, ECF No. 19;
- Def.'s Mot. for Clarification, ECF No. 21;
- Def.'s Response to Pl.'s Mot. to Correct, ECF No. 22;
- Def.'s Mot. to Dismiss, ECF No. 23;
- Def.'s Response to Pl.'s Mot. for Order, ECF No. 24;
- Pl.'s Opp'n to Def.'s Mot. for Clarification, ECF No. 25;
- Def.'s Response to Pl.'s Opp'n to Def.'s Mot. for Clarification, ECF No. 27;
- Pl.'s Opp'n to Mot. to Dismiss, ECF No. 30; and,
- Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 31.

motion to dismiss the Second Amended Complaint. For the sake of clarity, the Court will address each of the pending motions in turn.

## A. Motion to Vacate (ECF No. 16)

On August 31, 2020, Plaintiff filed a motion to vacate this Court's August 12, 2020 Order. Although not a model of clarity,[2] the Court construes Plaintiff's motion to (1) challenge this Court's removal jurisdiction, (2) request an interlocutory appeal of the Court's August 12, 2020 Order, and (3) request a stay of Plaintiff's deadline to file an amended pleading. As explained below, the Court will deny each of these three requests.

### 1. Removal Jurisdiction

From what the Court can discern, Plaintiff's motion to vacate appears to request reconsideration of the August 12, 2020 Order, to the extent it found that this Court has removal jurisdiction over Plaintiff's case. *See* Pl.'s Mot. to Vacate, ECF No. 16, at 1–2 ("Relevantly, to the purpose of ordering, consider whether a non-sham, legitimate, proper, actual, or otherwise effective, request for removal, pursuant to 28 U.S.C. § 1331 exists meeting the unambiguous, applicable, requirements giving rise to exercise Court jurisdiction, authority and power, including,

---

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] Plaintiff's motion to vacate the August 12, 2020 Order is forty pages in length, accompanied by a seventy-two page declaration. The length of this filing clearly violates this Court's standing order, which states that motions for reconsideration "shall not exceed ten (10) pages in length." *See* Order, ECF No. 4, at ¶ 13. Furthermore, Plaintiff's arguments in her motion are difficult to comprehend. By way of example, the opening paragraph of Plaintiff's memorandum in support of her motion reads:

> As, a 'bank teller', is limited to the requirements, including permissibilities, procedure, including bedrock propriety determination(s), for consideration of, a submitted transaction approval, including both, regarding bank form requirements sufficiency, and where applicable consult, regarding greater approval authority, with, still then, approval authority ultimately limited by compatibility with the same inalienable, fundamental rights due process protected, this Court, Relief-dictating here, is bound by the limits placed by Congress on its authority.

Pl.'s Mem., ECF No. 16-1, at 1–2. Courts have "liberal discretion to strike such filings." *Ass'n of Am. Med. Colleges v. Princeton Rev., Inc.*, 332 F. Supp. 2d 11, 22 (D.D.C. 2004); *see also* Order, ECF No. 4, at ¶ 13 ("If such a motion is filed, it shall not exceed ten (10) pages in length. . . . Motions not in compliance with these instructions may be stricken."). Nonetheless, out of an abundance of caution, the Court will consider Plaintiff's *pro se* pleadings.

for consideration under the 'Removal Statute(s) . . . '"). While Plaintiff does not specify the procedural basis for her motion, the Court construes Plaintiff's motion for review of an interlocutory order as one made under Federal Rule of Civil Procedure 54(b). *See Nat. Res. Def. Council, Inc. v. EPA*, 490 F. Supp. 3d 190, 194 (D.D.C. 2020).

Rule 54(b) allows the Court to revise "any order or other decision" that "adjudicates fewer than all the claims . . . at any time before the entry of a judgment adjudicating all the claims[.]" Fed. R. Civ. P. 54(b). "[T]his jurisdiction has established that reconsideration [under Rule 54(b)] is appropriate '*as justice requires*.'" *Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (emphasis added) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Nat. Res. Def. Council, Inc.*, 490 F. Supp. 3d at 194–95 (quotation omitted). "'The law-of-the-case doctrine dictates that the same issue presented a second time in the same case in the same court should lead to the same result,' absent extraordinary circumstances." *Id.* at 195 (quoting *Al Bahlul v. United States*, 967 F.3d 858, 875 (D.C. Cir. 2020)). In general, a court will grant a Rule 54(b) motion for reconsideration of an interlocutory order "only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018).

The Court will not vacate its August 12, 2020 Order, which held that Defendant properly removed this action to federal court. To begin, Plaintiff offers no coherent argument as to why removal jurisdiction is improper in this action, or why some legal error, intervening change in the

4

law, or new evidence now requires reconsideration of this Court's August 12, 2020 Order. *See, e.g.*, Pl.'s Mem., ECF No. 16-1, at 19–30. At most, Plaintiff's rambling filing reargues points asserted in her original motion to remand, which this Court has already addressed in full. *See* Mem. Op., ECF No. 15, at 2–4. A Rule 54(b) motion "cannot be used to reargue facts and theories upon which a court has already ruled or to present theories or arguments that could have been advanced earlier." *Shvartser v. Lekser*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) (quotation omitted).

Moreover, upon a subsequent review of the record as a whole, the Court again concludes that Defendant properly removed this action to federal Court. Defendant first received notice of Plaintiff's original complaint on January 21, 2020. *See* Not. of Removal, ECF No. 1, at ¶ 3. Defendant then removed the case to this Court on February 20, 2020. *See id.* at ¶ 5. Therefore, removal came within thirty days of Defendant's receipt of Plaintiff's complaint, in compliance with the time-period set forth in 28 U.S.C. § 1446(b). Defendant also complied with § 1446(a) by providing a copy of all "process, pleadings, and orders" received by Defendant in this action at the time of removal, *see* Not. of Removal, ECF No. 1, at ¶ 6; Docs. from D.C. Sup. Ct., ECF No. 1-1, at 1–222, and with § 1446(d) by filing a notice of removal with the D.C. Superior Court, *see* Not. of Filing, ECF No. 1-2, at 1. Furthermore, Defendant promptly provided written notice of removal to Plaintiff. *See* Not. of Removal, ECF No. 1, at ¶ 8; 28 U.S.C. § 1446(d). Finally, Defendant's removal of this action complied with the requirement of 28 U.S.C. § 1441(a), that a party remove a civil action over which the district court has "original jurisdiction." At the time of removal, this Court had subject matter jurisdiction over Plaintiff's action under 28 U.S.C. § 1331, because Plaintiff asserted a federal claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and also on the basis of diversity jurisdiction under 28 U.S.C. § 1332, *see* Not. of Removal,

ECF No. 1, at ¶¶ 9–19; Mem. Op., ECF No. 15, at 4.

For these reasons, the Court finds no reason to vacate its jurisdictional findings in the August 12, 2020 Order under Rule 54(b). As such, Plaintiff's motion to vacate on the August 12, 2020 Order on this ground is **DENIED**.

### 2. Interlocutory Appeal

In her motion to vacate, Plaintiff also requests that this Court certify for interlocutory appeal its August 12, 2020 Order denying her motion to remand. *See* Pl.'s Mem., ECF No. 16-1, at 30–34. Section 1292(b) provides for interlocutory appeals from "otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996). To satisfy the conditions of § 1292(b), the moving party must demonstrate that the order at issue (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion as to its correctness and; (3) if appealed immediately, would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Even if the movant establishes the three criteria under section 1292(b), the Court may still deny certification, as the decision to certify an order for interlocutory appeal is entirely within the district court's discretion. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Moreover, "[a] party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 43 (D.D.C. 2007) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (additional citation omitted)). "Although courts have discretion to certify an issue for

interlocutory appeal, interlocutory appeals are rarely allowed," and "the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Judicial Watch*, 233 F. Supp. 2d at 20 (quoting *Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001)).

Plaintiff has not demonstrated that "exceptional circumstances" warrant certification of an interlocutory appeal in this case. The Court notes at the outset that Plaintiff's argument in favor of an interlocutory appeal is difficult to comprehend. *See, e.g.*, Pl.'s Mem., ECF No. 16-1, at 30 ("That, and notwithstanding Court resources' and Movant entitlement to Requested resolutive primacy of Order appropriate, remedial vacatur and remand, Movant nonetheless also is entitled, if applicable, to Order certification, including upon satisfaction, Instant-Contextually, of, the interlocutory review prerequisite dictates of 28 U.S.C. 1447 and 28 U.S.C. 1292(b)."). Regardless, the Court finds nothing in the August 12, 2020 Order that would merit interlocutory appeal under § 1292(b). That Order, and its accompanying Memorandum Opinion, address straightforward and well-defined questions about federal removal procedures, subject-matter jurisdiction, and pleading standards. *See* Mem. Op., ECF No. 15, at 2–6. These questions do not present any "pivotal and debatable" issues of law, *Swint*, 514 U.S. at 46, and, moreover, there is no basis to conclude that an interlocutory appeal on these issues would "materially advance" this litigation, 28 U.S.C. § 1292(b). For these reasons, the Court **DENIES** Plaintiff's request for an interlocutory appeal within her motion vacate.

### 3. Request for a Stay or an Extension of Time

Lastly, Plaintiff's motion to vacate also includes an ostensible request for either a stay of this matter or an extension of time to file the amended pleading requested by this Court's August

12, 2020 Order. *See, e.g.*, Pl.'s Mot., ECF No. 16, at 3 (requesting a "stay for appropriate time necessary"); Pl.'s Mem., ECF No. 16-1, at 39 ("[T]he Order's statement of an, albeit invalid, void and impermissible, imposition of September 11, 2020 Record file submission deadline upon this Plaintiff warrants stay pending appropriate Instant consideration."). This Court has wide discretion to grant or deny stays, *see Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)), as well as to control filing deadlines, *see* Fed. R. Civ. P. 6. Regardless, following her requests for a stay or a deadline extension, Plaintiff proceeded to file multiple copies of her proposed Second Amended Complaint on September 10, 2020 and September 17, 2020, respectively. *See* Second Am. Compl., ECF No. 18-2 & 19-1. The Court will accept and consider those filings, as discussed further below. Accordingly, Plaintiff's ambiguous request for a stay or an extension of her filing deadlines appears to be moot, and the Court will **DENY** her request, accordingly.

**B.     Rule 60(a) Motion to Correct Docket (ECF No. 18)**

Less than two weeks after filing her motion to vacate, Plaintiff filed another motion on September 10, 2020, captioned: "Opposed Plaintiff/Special Appearance Movant, Pro Se's, FRCP 60(a) Motion for Court Docket/Record Correction." Pl.'s Mot., ECF No. 18, at 1. Despite the Court's best efforts, it remains difficult to discern what argument Plaintiff puts forward in her Rule 60(a) motion.[3] At bottom, however, Plaintiff's Rule 60(a) motion appears to request, for a second time, that the Court vacate its August 12, 2020 Order and remand this case to Superior Court. *See*

---

[3] Again, by way of example, the following passage taken from Plaintiff's Rule 60(a) filing is illustrative of the confusing nature of her motion:

> At least, and Relief-mandatingly, including pursuant to Federal Rule of Civil Procedure 60(a), the Court is permitted to, and under this particular factual circumstance, shall, correct the Matter Record Docket, particularly regarding both. Apparently, the (Honorable) Court's "August 12, 2020" Memorandum Opinion and "Order," "August 12 Order"; and, Special Appearance Movant, *Pro Se*'s, August 29, 2020 file-submitted.

Pl.'s Mem., ECF No. 18, at 6.

Pl.'s Mem., ECF No. 18, at 13.

The Court will not grant Plaintiff such relief under Rule 60(a). Rule 60(a) grants the Court permissive authority to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). But "[t]his rule is narrowly construed and may not be invoked to 'change the substance or order of a judgment.'" *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 449 (D.D.C. 2019), *aff'd sub nom. Jordan v. U.S. Dep't of Lab.*, No. 19-5201, 2020 WL 283003 (D.C. Cir. Jan. 16, 2020) (quoting *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015)). Accordingly, "[i]t only applies when 'the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another.'" *Id.* As such, Rule 60(a) does not provide Plaintiff with a procedural vehicle to request vacatur of this Court's August 12, 2020 Order, as she now seeks to do. And, in any event, Plaintiff already requested such vacatur in her earlier-filed August 31, 2020 motion to vacate, *see* Pl.'s Mot., ECF No. 16, at 1, which this Court has considered and denied, *see* disc. *supra* at § A. Finally, upon complete review of Plaintiff's Rule 60(a) motion, the Court finds no other grounds that would support relief for Plaintiff thereunder. For these reasons, the Court **DENIES** Plaintiff's Rule 60(a) motion.

C.     **Defendant's Motion to Dismiss (ECF No. 23)**

On September 10, 2020, and then again on September 17, 2020, Plaintiff filed her Second Amended Complaint. *See* Second Am. Compl., ECF No. 18-2 & 19-1. In response, Defendant moved on October 6, 2020 to dismiss Plaintiff's amended pleading, arguing that the Second Amended Complaint fails to comply with the notice pleading requirements of Federal Rule of Civil Procedure 8. *See* Def.'s Mot., ECF No. 23, at 1. As explained herein, the Court agrees with Defendant and will dismiss the Second Amended Complaint, accordingly.

Federal Rule of Civil Procedure 8(a) requires that a complaint "contain . . . a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further dictates that each allegation within a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). These mandates within Rule 8 ensure that defendants receive fair notice of the claims raised against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013). And "if a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Moreover, while courts must remain mindful of a party's *pro se* status, *pro se* litigants are still subject to the Rule 8 requirements. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987); *Jiggetts*, 319 F.R.D. at 413.

Plaintiff's Second Amended Complaint, once again, falls well short of satisfying the strictures of Rule 8. To start, the Second Amended Complaint, inclusive of Plaintiff's incorporated affidavit, totals over 150 pages and over 400 numbered-paragraphs. This prolixity is hardly emblematic of a "short and plain" statement of Plaintiff's claims. Fed. R. Civ. P. 8(a); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (quotation omitted). Beyond the length of Plaintiff's pleading, the allegations therein are extremely difficult to understand. By way of example, the following allegations, included verbatim, are representative of the inscrutable nature

of the Second Amended Complaint overall:

> This Matter, requiring Court redress for and particularly Defendant intentionally, severe Plaintiff rights deprivations, including of, Plaintiff's basic human rights and free economic exercise, including but not limited to, restoration of all rights requisite to ascertainment of and regarding Plaintiff's injuries, including discovery thereof, also is pursuant to, this Plaintiff's post-September 9, 2018 experience of first-time information sufficiently considerably indicative of, and that, Plaintiff's severely harmful and damaging experiences, to-date, (are) by Defendant, for which Defendant is liable.

Sec. Am. Compl., ECF No. 18-2, at ¶ 6.

> Including particularly, post-September 9, 2018 information, inclusive of factual information, including and of 'otherwise communicative' date/numeric references and otherwise Plaintiff physicality experiences, reasonably sufficient considerable of and regarding this Plaintiff's experiences, by Defendant, particularly by, of and through Defendant's Plaintiff-involuntary, information-exacting conduct pursuant to DSCS Matter 2016 CA 002420, including as further, alleged, below: (i) this Plaintiff's/Special Appearance Movant, Pro Se's, particularly Tennessee-related, motor vehicle(s) operation history; (ii) Plaintiff's, as Provided, 2009 purchase of Property; (iii) Plaintiff's tortious, seemingly Property-related 2011 experiences; (iv) later 2011 conduct through 2012 Plaintiff experiences, further tortious, seemingly post-September 9, 2018. . . .

*Id.* at ¶ 11.

> And, later 2012 including, now, very recently considerable regarding Plaintiff experiences, by Defendant, a series of terrifying experiences, seemingly following a mid-November 2012, and never disclosed, rare, and many respects, including Relevantly, last, social interaction with many cherished individuals including from Plaintiff's former law firm (Morgan, Lewis & Bockius LLP) employment and otherwise various Plaintiff legal professional experiences, seemingly, experientially though bewilderingly, particularly considerable, given this Plaintiff's inability not to notice seemingly extraordinarily escalated, 'agitated' experience of the, though unattributable, on-street harassive violence, with, other late 2012 experiences, Defendant conduct impermissibly against Plaintiff through 'otherwise communicative' existence of the numeric string '127', including, seemingly out of Plaintiff's attendance of the mid-November 2012 social gathering, including and through, December 7(1207), 2012."

*Id.* at ¶ 42.

> And, including upon this September 11, 2018 television news programming episode's first-time, Plaintiff enablement for considerations regarding the information reported, as considerable, regarding Plaintiff's experiences, this Plaintiff's experienced several, later, including through days' ago September 5,

11

> 2020 happenstance information, mostly, and particularly regarding this relatively infrequent television watching Plaintiff, upon view of additional, primarily television news, news-based, series including: "Dateline ©", "First48 ©", and "20/20©".

*Id.* at ¶ 78.

These types of allegations permeate Plaintiff's Second Amended Complaint and render the pleading almost entirely incomprehensible. As the excerpted allegations above readily demonstrate, Plaintiff's Second Amended Complaint fails to provide either the Court or Defendant with a plain and concise statement of Plaintiff's claims. This shortcoming violates Rule 8, which requires "clarity and brevity" in federal pleading. *Ciralsky*, 355 F.3d at 669. The enforcement of Rule 8 in this context "is largely a matter for the trial court's discretion," *id.*, and courts in this jurisdiction consistently dismiss pleadings under Rule 8 where they fail to provide accessible allegations that apprise the defendant of the claims asserted, *see, e.g.*, *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 420 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (dismissing complaint where the "unnecessary level of prolixity, detail, and disconnect within the facts and legal claims ma[d]e it impossible for this Court or Defendants' counsel to proceed with th[e] litigation in any reasonable manner").

So too here. Because the Second Amended Complaint fails to provide a short, plain, and concise statement that places Defendant on notice of Plaintiff's claims, the Court will exercise its discretion and **DISMISS** Plaintiff's Second Amended Complaint under Rule 8. Furthermore, the Court will also **DISMISS** Plaintiff's case, in its entirety, as Plaintiff's successive complaint has in no way corrected the fundamental pleading deficiencies this Court originally identified in its August 12, 2020 Memorandum Opinion and Order. *See* Order, ECF No. 14, at 1; Mem. Op., ECF No. 15, at 4–6. The Court, however, will dismiss Plaintiff's Second Amended Complaint and this

case **WITHOUT PREJUDICE**. The D.C. Circuit has instructed that a dismissal without prejudice is generally the appropriate disposition for a pleading that fails to survive under Rule 8. *See Ciralsky*, 355 F.3d at 671; *Jiggetts*, 319 F.R.D. at 420 (dismissing *fourth* amended complaint *without* prejudice for failure to comply with Rule 8). And the Court also remains cognizant of Plaintiff's *pro se* status in this action. As such, the Court will refrain from dismissing Plaintiff's Second Amended Complaint and her case *with prejudice*, as that ruling that would potentially effectuate "too harsh a sanction" on Plaintiff by "impos[ing] the bar of res judicata against any [of her] future filing[s]." *Ciralsky*, 355 F.3d at 669.

For all the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** both Plaintiff's Second Amended Complaint and her case, in its entirety, **WITHOUT PREJUDICE**.

D.    **Remaining Miscellaneous Motions**

As a final matter, the Court addresses three miscellaneous motions that remain pending on the docket. The Court considers each of these remaining motions in turn below.

    1.    **Plaintiff's September 17, 2020 Motion (ECF No. 19)**

On September 17, 2020, Plaintiff submitted a filing entitled: "Opposed Special Counsel Appearance Movant, *Pro Se*'s September 15, 2020 Court Information of To-Date Nonnotice, Nonservice and Nonprovision to Movant of Record File Submissions and Request, Appropriate Opportunity, Including Extension of Time And/Or Leave, to File Reply to "September 11, 2020" Recorded "Mr. Cooper Group, Inc." "Memorandum In Opposition to . . . Motion to Vacate . . . Order on Motion to Dismiss, . . . Order on Motion to Remand to State Court . . . Order on Motion for Extension of Time to File Response/Reply . . . " Pl.'s Mot., ECF No. 19, at 1. As the title of this September 17, 2020 filing suggests, it is difficult for the Court to discern what Plaintiff is

requesting through this particular submission. At least in part, Plaintiff's September 17, 2020 filing appears to challenge the jurisdiction of this Court and, once again, seeks interlocutory appeal of the Court's August 12, 2020 Order. *See id.* at 1–4. The Court, however, has already addressed those arguments in full and concluded that they are without merit. *See* disc. *supra* at § A.

Plaintiff's miscellaneous motion from September 17, 2020 also ostensibly requests that this Court grant Plaintiff leave to file a reply brief, in support of her August 31, 2020 motion to vacate. *See* Pl.'s Mot., ECF No. 19, at 16. To that end, Plaintiff includes the proposed reply brief within her filing. *See id.* at 17–26. Defendant acknowledges this request and offers no objection to the submission of Plaintiff's proposed reply brief. *See* Def.'s Mot., ECF No. 24, at 2. The Court, therefore, grants Plaintiff's September 17, 2020 motion, only as to the request therein that this Court consider the proposed reply brief included within that filing. Accordingly, the Court has accepted and reviewed Plaintiff's reply brief, *see* Pl.'s Mot., ECF No. 19, at 17–26, but nevertheless finds that this submission does not alter any of the Court's other rulings outlined above, *see* disc. *supra* at §§ A–C.

### 2. Motion for Clarification (ECF No. 21)

On September 29, 2020, Defendant filed a Motion for Clarification. *See* Def.'s Mot., ECF No. 21, at 1–4. Therein, Defendant requested that the Court provide clarification on three separate issues. First, Defendant noted that it remained unclear whether the Second Amended Complaint Plaintiff had submitted as an attachment at ECF No. 18-2 and ECF No. 19-1 was properly filed and operative. *See id.* at 3. Second, Plaintiff requested confirmation that it could renew the arguments in its previously filed motion to dismiss, for the purposes of challenging Plaintiff's Second Amended Complaint. *See id.* Third, Defendant explained that Plaintiff had not properly served it with her motions from either September 10, 2020 (ECF No. 18) or September 17, 2020

(ECF No. 19). Defendant, therefore, requested guidance from the Court on when it was required to respond to those motions. *See id.*

The Court finds that each of these requests is now moot. Defendant's first and second requests pertain to the propriety of Plaintiff's submission of her Second Amended Complaint and, in turn, the manner in which Defendant could oppose that pleading. Ultimately, however, Defendant filed a dispositive motion in response to Plaintiff's Second Amended Complaint on October 6, 2020. *See* Def.'s Mot., ECF No. 23, at 1. As explained above, the Court has considered and granted that motion, specifically finding that Plaintiff's Second Amended Complaint must be dismissed under Rule 8. *See* disc. *supra* at § C. This disposition moots the first two requests raised in Defendant's motion for clarification.

Defendant's third and final request in his motion for clarification is now also moot. There, Defendant requested clarification on when it should respond to Plaintiff's September 10, 2020 motion under Rule 60(a) and Plaintiff's September 17, 2020 motion for an extension of time. *See* Def.'s Mot., ECF No. 23, at 3–4. Defendant, however, subsequently proceeded to file an appropriate response to both of those motions, and the Court has considered each response in full. *See* Def.'s Response, ECF No. 22, at 1–3; Def.'s Response, ECF No. 24, at 1–3. Furthermore, the Court has now fully addressed each of Plaintiff's underlying motions from September 10, 2020 (ECF No. 18) and September 17, 2020 (ECF No. 19), and denied all relief requested therein which Defendant opposed. *See* disc. *supra* at §§ B, D.1. Accordingly, Defendant's third and final request within its motion to clarify is presently moot. The Court, therefore, **DENIES AS MOOT** Defendant's [21] Motion for Clarification.

3.  **Potential Requests for Relief in Plaintiff's Opposition Papers**

Lastly, the Court addresses the opposition briefs Plaintiff filed on October 16, 2020, in

response to Defendant's Motion for Clarification, *see* Pl.'s Opp'n, ECF No. 25, at 1–6, and on November 12, 2020, in response to Defendant's Motion to Dismiss, *see* Pl.'s Opp'n, ECF No. 30, at 1–7. Like Plaintiff's other filings in this matter, both the October 16, 2020 opposition and the November 12, 2020 opposition are extremely difficult to follow. For example, in the opening paragraph of her October 16, 2020 filing, Plaintiff states:

> Comes now, Plaintiff, *Pro Se*, in this Matter/Controversy, and as only permissibly, before this (Honorable) Court, Special Appearance Movant, *Pro Se*, Lori E. Terrell (Movant), pursuant to, this Honorable Court's nonexistent power, authority of jurisdiction over subject matter or personal jurisdiction over the partied, including by, Defendant, to-date, intentionally, blatantly, Record obvious; and, including as, Court respectfully and efficiently, first-opportunity, August 29, 2020, "Opposed Plaintiff, Special Appearance Movant, *Pro Se's* Motion for Order Vacating August 12 Order or Remand, Or, In The Alternative, Revising And Otherwise Making Operable, Lawful, and Certifying for Interlocutory, 28 U.S.C. § 1292(b), Appellate Review, August 12 Order Denying Plaintiff *Pro Se*'s Motion to Remand, Granting Defendant's Motion To Dismiss, Granting Plaintiff, *Pro Se*, Leave to File An Amended Complaint and Denying Plaintiff's Request For Extension Of Time To File Opposition to Motion To Dismiss And Stay" ("August 31 motion" page 2, footnote 1, and, Court-conveniently, *objected-to*.

Pl.'s Opp'n, ECF No. 25, at 1–2. And similarly, Plaintiff's November 12, 2020 filing begins, as follows:

> Under the impermissible, nonharmless, manifestly unjust, including extraordinarily due process violative, Matter Record/Docket, harm out of Honorable Court's failure to uphold its threshold duty to the Court, Movant, and otherwise the public, including, Apparent Record-text-obviously, to control its docket and establish and maintain Docket/Matter Record/Courtroom order, *free of* (to-date, Court access depriving), *violence*, COMES NOW, Plaintiff, *Pro Se*, in this Matter Controversy, and as only permissibly, before this )Honorable) Court, Special Appearance Movant, *Pro Se*, Lori E. Terrell . . .

Pl.'s Opp'n., ECF No. 30, at 1–2.

Included within this impenetrable text, however, Plaintiff also appears to use her October 16, 2020 and November 12, 2020 opposition briefs to request affirmative relief. Specifically, Plaintiff appears to move the Court to strike all of Defendant's filings on the docket. *See, e.g.*,

Pl.'s Opp'n, ECF No. 25, at 5. Furthermore, Plaintiff also appears to again challenge the Court's removal jurisdiction, *see id.* at 2–4; Pl.'s Mot., ECF No. 30, at 2–4, request sanctions against the Defendant, *see* Pl.'s Mem., ECF No. 30-1, at 14, and ask the Court for leave to file another opposition brief, *see* Pl.'s Opp'n, ECF No. 25, at 5. These requests are barely discernable given the confusing nature of Plaintiff's filing. But regardless, the Court finds that such requests would be duplicative of Plaintiff's earlier filings and entirely meritless. Accordingly, to the extent Plaintiff filed her October 16, 2020 and November 12, 2020 opposition briefs as motions, those motions are, hereby, **DENIED**.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court, hereby, **DENIES** Plaintiff's Motion to Vacate (ECF No. 16), Plaintiff's Rule 60(a) Motion to Correct Docket (ECF No. 18), and Plaintiff's Motion for Order (ECF No. 19). The Court also **DENIES** all relief requested within Plaintiff's October 16, 2020 (ECF No. 25) and November 12, 2020 (ECF No. 30) opposition briefs. In turn, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 23), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint and her case, in its entirety. Finally, the Court **DENIES AS MOOT** Defendant's Motion for Clarification (ECF No. 21).

An appropriate order will accompany this Memorandum Opinion.

**Date**: July 2, 2021

                                                           /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge