**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LORI E. TERRELL,<br><br>Plaintiff,<br><br>v.<br><br>M.R. COOPER GROUP, INC., *et al.*,<br><br>Defendants. | Civil Action No. 20-0496 (CKK) |

**MEMORANDUM OPINION**
(September 15, 2026)

This case is closed. On July 2, 2021, this Court dismissed without prejudice *pro se* Plaintiff Lori E. Terrell's Second Amended Complaint and this case. *See* Order, Dkt. No. 32. Ms. Terrell later moved for reconsideration of that order, which this Court denied. *See* Minute Order (Feb. 9, 2022); Pl.'s Mot. ("[Opposed] Special Appearance Movant *Pro Se*'s FRCP Rules 59(e) and 77 and Local Rules 5, 5.4, 7(b) and (d) Motion to Vacate."), Dkt. No. 35. Ms. Terrell appealed this Court's rulings, and the U.S. Court of Appeals for the D.C. Circuit summarily affirmed this Court's rulings dated July 2, 2021, and February 9, 2022, as well as a separate order dated August 12, 2020. *See* Mandate, Dkt. No. 45; Order, Dkt. No. 45-1.

However, during a review of paper files, the Court identified that certain documents submitted to the Court by *pro se* Plaintiff Lori E. Terrell were not contemporaneously entered on the docket of this case. To complete the record, the Court now addresses these documents.

Two of these documents are facsimile copies of letters dated September 10, 2020, and September 15, 2020, which appear to have been addressed to the Defendants and their counsel, rather than to the Court. Consistent with the Court's [26] Order denying leave to file copies of three similar letters dated in October 2020 and the Court's [34] Order denying leave to file a copy

of another such letter dated July 27, 2021, leave to file the documents dated September 10, 2020, and September 15, 2020, is **DENIED** because these submissions are copies of correspondence between the parties, not requests for relief from the Court.

One document is a letter dated September 18, 2020, that is addressed to the Clerk of the Court. In this letter, Ms. Terrell requests confirmation of receipt of three other submissions. The Clerk of the Court later docketed the submissions identified in this letter at Dkt. Nos. [18], [19], and [19-1], and the Court contemporaneously received and considered them. Because this correspondence was addressed to the Clerk of the Court and requests information that is now reflected elsewhere on the docket, leave to file this correspondence is **DENIED**.

The two remaining documents are two copies of a single submission dated August 21, 2021, and entitled "Opposed Verified Special Appearance Movant, *Pro Se*'s August 21, 2021 Information of To-Date Nonnotice, Nonservice and Nonprovision to Movant of Defendant's Apparent, ECF No. 37, 'Opposition to Plaintiff's Motion to Vacate…', and Request, for Order, FRCP 5, Directing Service/Notice/Provision, and, FRCP 6(b) and 6(d), for, Appropriate Opportunity, Including Extension of Time and/or Leave, to Identify and File Appropriate Response." One copy of this submission was received in the Office of the Clerk of the Court with a one-page cover letter on August 25, 2021. The other copy includes a cover sheet requesting delivery to this Court's Chambers and was received in the mailroom on August 26, 2021.

Reading Ms. Terrell's submission liberally, the Court construes it as a reply and motion for extension of time to file a supplemental reply in support of her [35] "[Opposed] Special Appearance Movant Pro Se's FRCP Rules 59(e) and 77 and Local Rules 5, 5.4, 7(b) and (d) Motion to Vacate" ("Motion to Vacate"), which the Court previously construed as a motion for

reconsideration of the Court's [32] Order dated July 2, 2021, which dismissed without prejudice Ms. Terrell's Second Amended Complaint and this case in its entirety.

The Court understands Ms. Terrell's latest submission to be requesting an extension of time to file a supplemental reply on the grounds that the Defendants did not properly serve her with a copy of prior submissions in this case, including their [37] Memorandum in Opposition to her [35] Motion to Vacate. Ms. Terrell also indicates that she may have had difficulty accessing the Court's prior [32] Order electronically.

Leave to file this submission is **GRANTED**, *nunc pro tunc*, as to the copy received in the Clerk's Office on August 25, 2021. Leave to file the second copy received on August 26, 2021, is **DENIED** as duplicative. The Clerk of the Court is respectfully directed to docket Ms. Terrell's submission received on August 25, 2021, as a Reply and Motion for Extension of Time to File Supplemental Reply.

Upon consideration of Ms. Terrell's submission, Ms. Terrell's Motion for Extension of Time to File a Supplemental Reply is **DENIED**. The record shows that the Defendants filed a certificate of service confirming that, consistent with Federal Rule of Civil Procedure 5(b), they served Ms. Terrell with a copy of their [37] Memorandum in Opposition by mailing a copy to her last-known address on August 13, 2021. The Court's records also reflect that the Clerk of the Court caused a copy of the Court's [32] Order dated July 2, 2021, to be mailed to Ms. Terrell at her address of record. Furthermore, it appears from Ms. Terrell's submissions that she received actual notice of these filings and their contents before filing her most recent submission. On this record, the Court concludes that the Defendants properly served Ms. Terrell with their [37] Memorandum in Opposition, and the Court sees no grounds for granting an extension of time to file a supplemental reply.

Furthermore, having considered Ms. Terrell's submission on the merits as a reply in support of her [35] Motion to Vacate, the Court sees no grounds on which to revisit or reconsider the Minute Order in which the Court denied her [35] Motion. As the Court explained in that Order, Federal Rule of Civil Procedure 59(e) allows the Court to correct its own mistakes in the period immediately following the entry of a mistaken order. *See* Min. Order (Feb. 9, 2022) (citing *White v. N.H. Dept of Empl. Sec.*, 455 U.S. 445, 450 (1982)). "Though a court has considerable discretion in granting Rule 59(e) motions, it needs only to do so when it finds that there has been an intervening change of controlling law, that new evidence is available, or that granting the motion is necessary to correct a clear error or to prevent manifest injustice." *Id.* (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 13 (D.D.C. 2010) (RCL)). In general, such motions are "disfavored," and courts grant them "only when the moving party establishes extraordinary circumstances." *Niedermeir v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (TFH).

Under these standards, none of the arguments raised in Ms. Terrell's reply alters the Court's prior conclusion that her [35] Motion to Vacate should be denied. Instead, Ms. Terrell's reply restates arguments on which the Court has already ruled. Accordingly, the Court reaffirms its prior ruling dated July 2, 2021, which the U.S. Court of Appeals for the D.C. Circuit summarily affirmed on appeal.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** September 15, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge